WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Savings Bank, et al., | No. CV-21-01857-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Wesco Insurance Company, | |
| Defendant. | |

Before the Court is Defendant Wesco Insurance Company's ("Wesco") Motion to Dismiss or Transfer Venue to the United States District Court for the Northern District of Illinois (Doc. 12), which is fully briefed (Docs. 16, 17). For the following reasons, the motion is granted in part, and this case is transferred to Illinois.

**I.    Background**

Plaintiffs are The Federal Savings Bank ("TFSB") and Stephen M. Calk, who from April 2011 to May 2019 was TFSB's Chairman and Chief Executive. TFSB's main office is located in Chicago, Illinois. (Doc. 12-2 at 10.) Wesco is an insurance company incorporated in Delaware, with its principal place of business in New York, New York. (Doc. 1 at ¶¶ 3, 6.) Wesco issued an insurance policy providing liability coverage for claims made against TFSB between May 9, 2016, and May 9, 2019. (Doc. 1-2 at 7.)

On May 7, 2017, an employee of TFSB's Scottsdale office filed suit against TFSB in the United States District Court for the District of Arizona, asserting claims of

defamation, false light invasion of privacy, intentional interference with business expectancies, and wrongful discharge. (*Id.* at 128, 134, 135-37.) TFSB reported these claims to Wesco (Doc. 12-1 at 23-24), which agreed to defend the claims subject to a reservation of rights (Doc. 1-2 at 142).

That suit was stayed pending arbitration in Chicago, per the employee's agreement with TFSB. (Doc. 12 at 3-4.) The arbitrator issued a final award against TFSB for $2,444,987.56 (Doc. 1-2 at 208-09), which included $500,000 in punitive damages for defamation, $75,000 in Family and Medical Leave Act multiple damages, and $23,726.88 in prejudgment interest (Doc. 1 at ¶ 13). Wesco paid $1,846,261.86 of the ordered award, but refused to pay the remaining $598,726.88, asserting that its insurance policy with TFSB did not cover punitive damages, multiplied damages, or interest. (*Id.* at ¶ 24.) This coverage dispute followed.

TFSB alleges that, in refusing to pay the full arbitration award, Wesco breached the parties' contract in bad faith. (*Id.* at ¶ 27.) Wesco moves to dismiss the case for improper venue and/or lack of personal jurisdiction, or, alternatively, to transfer venue to the United States District Court for the Northern District of Illinois. (Doc. 12 at 1.) Because this Court finds that a transfer of venue is warranted, it need not address the other issues presented by Wesco's motion.

**II.     Legal Standard**

For the convenience of the parties and witnesses, and the interest of justice, the Court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a). When determining whether the convenience of the parties and witnesses favor a transfer, a court weighs multiple factors, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The movant bears the burden of showing that a transfer is warranted. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). The movant must make a strong showing of inconvenience and demonstrate that the balance of factors weighs strongly in the movant's favor to warrant disturbing the plaintiff's choice of forum. *Double J Inv., LLC v. Automation Control & Info. Sys. Corp.*, No. CV-13-00773-PHX-SRB, 2013 WL 12237668, at *7 (D. Ariz. July 9, 2013).

### III. Discussion

This action could have been brought in the Northern District of Illinois because Wesco is subject to that court's jurisdiction with respect to this action. 28 U.S.C. § 1391(b)(2). Neither party disputes that Wesco is subject to specific jurisdiction in Illinois. Even if it weren't, Wesco has consented to suit in that forum. The question is whether the Northern District of Illinois is a significantly more convenient venue than the one TFSB has chosen. On balance, the relevant considerations point to yes.

The first factor favors a transfer. Wesco notes, and TFSB does not dispute, that the insurance policy was negotiated and executed by individuals located in Illinois. TFSB's Chicago-based broker applied for the policy (Doc. 12-1 at 8-16), the policy was transmitted via email to this Chicago-based broker (*Id.* at 21), and the policy was issued to TFSB's Illinois address (Doc. 1-2 at 7).

The second factor is neutral. The parties disagree about which state's law should govern. Wesco argues that contract disputes are settled pursuant to the law of the state with the most significant contacts to the contract, and that Illinois fits that bill. (Doc. 12 at 9.) If so, the Northern District of Illinois would be more familiar with Illinois state law than this Court. TFSB, however, contends that the insurance policy contains a provision that would favor application of Arizona law to resolve the punitive damage coverage dispute. (Doc. 16 at 9-11.) But the Court need not resolve this choice-of-law dispute; federal courts routinely are tasked with applying the laws of states other than those in which

they sit, so even if Arizona law governs, there is no reason to believe the Northern District of Illinois would be less capable of applying it.

The third factor, the plaintiff's choice of forum, ordinarily carries great weight, and "will almost always weigh against a transfer of venue." *ON Semiconductor Corp. v. Micro Processing Tech. Inc.*, No. CV-16-01055-PHX-DLR, 2017 WL 514195, at *5 (D. Ariz. Feb. 8, 2017). However, the plaintiff's choice of forum is entitled only to "minimal consideration" if the material events did not occur in the selected forum and that forum has no particular interest in the parties or the subject matter of the litigation. *Id.* The weight afforded to a plaintiff's choice of forum also is diminished where the selected forum is not the plaintiff's home state and the parties' contacts with the chosen forum are limited. *Zurich Am. Ins. Co. v. Magellan Health, Inc.*, No. CV-21-00899-PHX-SPL, 2021 WL 4319207, at *3 (D. Ariz. Sept. 23, 2021). Such is the case here. Although TFSB chose to file this case in Arizona, this forum has, at best, an attenuated connection to the parties and the subject matter of the litigation. TFSB's home state is Illinois, not Arizona. Wesco is not an Arizona resident and has no offices here. All communications giving rise to this suit, including TFSB's notice of claim to Wesco (Doc. 12-1 at 23-24), Wesco's acknowledgement of the claim/agreement to defend subject to a reservation of rights (Doc. 1-2 at 142), and communications regarding the coverage dispute (Doc. 1-3 at 2-3, 32-52), took place outside of Arizona. Other than the fact that the underlying lawsuit giving rise to this coverage dispute was initially filed here—before being whisked away to Chicago for arbitration—the material events of this suit took place outside TFSB's selected forum. TFSB provides no cogent explanation for its decision to bring suit here rather than in its home state of Illinois, where Wesco is happy to litigate. Thus, while TFSB's choice of forum weighs against transferring venue, this factor is afforded minimal weight.

The fourth factor—the parties' respective contacts with the forum—favors a transfer. Wesco has no offices, employees, corporate officers or directors located in Arizona. (Doc. 12-1 at 4.) Although TFSB has two customer support centers in Arizona,

- 4 -

its two traditional retail branches and main office are in Illinois. (Doc. 12-2 at 5, 10). Because both parties have more substantial contacts in Illinois, this factor favors transfer.

The fifth factor—the parties' contacts with the forum relating to the plaintiff's cause of action—also favors a transfer. TFSB alleges that its claims relate to this forum because the underlying action that produced the arbitration award at issue was brought by an employee working in TFSB's Scottsdale office. But the location of the events giving rise to the underlying action has little to nothing to do with the breach of contract and bad faith claims at issue here. The relevant communications giving rise to these claims—namely, Wesco's refusal to pay and challenge to TFSB's claim of insurability (Doc. 1-3 at 32-47)—took place outside of Arizona and were made by Wesco's Chicago-based adjusters to TFSB's Chicago-based attorney. Because the conduct giving rise to TFSB's breach of contract and bad faith claims took place outside of Arizona, this factor weighs in favor of a transfer.

The sixth factor, regarding the differences in the costs of litigation in the two forums, slightly favors transfer. Neither party has established any substantial difference in costs between the two forums. However, to the extent either party intends to call witnesses at trial, all relevant parties—including Wesco's adjusters, and the individuals involved in TFSB's demand for coverage and Wesco's denial of coverage—are already located in Illinois. Keeping the case here and requiring those individuals to travel to Arizona likely makes litigation in this forum more costly than allowing the case to proceed where these individuals already reside.

The seventh factor, which considers the availability of compulsory process to compel attendance of unwilling non-party witnesses, favors a transfer. "The convenience of witnesses is often the most important factor in determining whether a transfer . . . is appropriate." *Double J*, 2013 WL 12237668, at \*7. Wesco's initial reservation of rights letter agreeing to defend TFSB and denying coverage for any punitive damages or interest (Doc. 1-2 at 142-47) was sent by an adjuster that no longer works for AmTrust, Wesco's agent and administrator (Doc. 12-1 at 4-5). Similarly, the adjuster who communicated with

TFSB regarding its demand for additional coverage (Doc. 1-3 at 32-47) no longer works at AmTrust (Doc. 12-1 at 5). Both adjusters are believed to reside and work in the greater Chicago area. (*Id.*) Therefore, the adjusters are no longer within Wesco's control and fall outside the 100-mile subpoena power of this Court. Fed. R. Civ. P. 45(c).

TFSB argues that the availability of compulsory process is a non-issue here, as "no non-parties have any relevant documents or testimony," in an insurance coverage case like this. (Doc. 16 at 15.) This might be true if TFSB were only advancing a breach of contract claim. But TFSB fails to explain why the adjusters' testimony is not relevant to its bad faith claim. Unlike the breach of contract claim, which likely can be resolved by interpreting the language of the insurance policy, the bad faith claim will depend on the adjusters' conduct, and whether they "intentionally denie[d], [or] fail[ed] to process or pay a claim without a reasonable basis." *TMC HealthCare v. Truck Ins. Exch.*, 55 F. App'x 803, 805 (9th Cir. 2003) (quotation and citation omitted). The adjusters' testimony likely is relevant to TFSB's bad faith claim, and because these adjusters are no longer within Wesco's control and are located in Illinois, the seventh factor favors a transfer.

Finally, the eighth factor—ease of access to sources of proof—is either neutral, or slightly favors transfer. Neither party points to any documents or other sources of proof that could not be easily exchanged electronically. If there are relevant physical documents, they likely are located in Illinois rather than Arizona, making the former a more convenient forum.

In sum, the plaintiff's choice of forum is the only consideration that weighs against transferring venue, but even then, only marginally so. This case has, at best, an attenuated connection to Arizona, largely the result of the decision of a TFSB employee to violate his arbitration agreement and file the underlying lawsuit here. But that underlying lawsuit was thereafter transferred to Chicago for arbitration, and virtually all of the material events giving rise to this breach of contract and bad faith claim occurred outside of Arizona. Wesco has demonstrated that the balance of factors strongly favors a transfer of venue.

**IT IS ORDERED** that Wesco's Motion to Dismiss or Transfer Venue to the United States District Court for the Northern District of Illinois (Doc. 12) is **GRANTED IN PART**. The Clerk of the Court is directed to transfer this case to the United States District Court for the Northern District of Illinois.

Dated this 29th day of September, 2022.

Douglas L. Rayes
United States District Judge